UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ECOR Solutions, Inc. f/k/a ERM C&O
Services, Inc.,

            1:02-CV-01103
      Plaintiff,    (NAM/DRH)

v.


Malcolm Pirnie, Inc. and David R. Hiss,

      Defendants.

_____

APPEARANCES:           OF COUNSEL:

Ernstrom & Dreste, LLP         John W. Dreste, Esq.
*Counsel for Plaintiff*
180 Canal View Boulevard
Suite 600
Rochester, New York 14623

Sugarman Law Firm, LLP        George De More, Esq.
*Counsel for Defendants*
360 South Warren Street
Syracuse, New York 13202

NORMAN A. MORDUE, D. J.:

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

  Plaintiff, ECOR Solutions, Inc., moves for reconsideration of the Court's prior

Memorandum-Decision and Order, dated July 29, 2005, which dismissed two of its claims

against defendants. In the alternative, plaintiff seeks leave to file an amended complaint which

amplifies and expands the factual allegations of the original complaint in connection with said

1

two claims.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The factual background of the present action was fully set forth in the Court's prior Memorandum-Decision and Order.  In short, the case arose in the context of a dispute between plaintiff and the New York State Department of Environmental Conservation ("DEC") which contracted with plaintiff to clean up a hazardous waste site in Greene County, New York, after defendants, in their capacity as design consultants and construction managers for DEC, had scoped out the site and prepared specifications for the contract work.  Plaintiff alleges that numerous differences between the actual site conditions and those set forth in the bidding documents were discovered in the course of the project which increased plaintiff's costs on the project and caused time delays.  Based thereupon, plaintiff asserts DEC wrongfully terminated its contract and has, to date, failed to pay the change order request submitted by plaintiff for unanticipated site conditions and extra work allegedly caused thereby.

In the original complaint, plaintiff claimed that defendants were liable under New York State law for tortious interference with its contract with DEC.  The complaint alleged in conclusory fashion that defendants intentionally interfered with its contract with DEC and that the interference was undertaken with malice and in bad faith toward plaintiff.  The Court granted defendants' motion to dismiss the tortious interference claim on the ground that the complaint lacked the specificity required under New York law to establish this claim.  To wit, there were no factual allegations detailing how defendants allegedly intentionally procured the breach of plaintiff's contract with DEC.

Plaintiff's original complaint also charged defendants with a *prima facie* tort under New

York law.  In the same conclusory terms in which it had asserted the tortious interference with contract claim, plaintiff alleged that defendants' conduct in connection with the project and contract with DEC was without excuse or justification and was intended to inflict harm upon its business.  The Court noted in the first instance, that plaintiff had failed to plead requisite special damages in connection with this claim.  Indeed, plaintiff recognized this deficiency prior to the Court rendering a decision on the motion and sought leave to amend this aspect of its *prima facie* tort claim.  This Court, however, denied the motion to amend as futile since the underlying tort claim did not include specific factual allegations of defendants' intentional conduct, malice and/or ill will required under New York law.  Based thereupon, the Court also granted defendants' motion to dismiss plaintiff's *prima facie* tort claim.

Plaintiff now moves for reconsideration of the Court's determination to dismiss these two claims under N.D.N.Y. Local Rule 7.1(g) or, in the alternative, to file an amended complaint which more fully amplifies the factual predicate for said claims.  Specifically, plaintiff contends that the Court erred when it applied the greater pleading requirements of New York law rather than a less stringent federal standard to the claims for tortious interference with contract and *prima facie* tort since the present action is premised upon diversity jurisdiction. Plaintiff asserts in the alternative that it is entitled to amend its complaint to provide the required factual predicate for these claims.  Defendants oppose plaintiff's motion on various grounds.  First, defendants assert that the Court's prior decision herein disposed of plaintiff's claims for tortious interference with contract and *prima facie* tort on the merits and thus, no amendment is warranted.  Second, defendants contend that plaintiff cannot raise both a claim for  tortious interference with contract and one for *prima facie* tort in the same pleading,

3

particularly when both claims are allegedly premised upon the same facts.  Finally, defendants argue that plaintiff's amended complaint does not adequately state a claim for either tortious interference with contract or *prima facie* tort against defendant David Hiss in his individual capacity.  Based thereupon, defendants contend that the proposed amended complaint plainly lacks merit and the  motion to amend should therefore be denied.

**III.    DISCUSSION**

**A.      Reconsideration**

A court may grant reconsideration of a judgment or interlocutory order to afford such relief as justice requires, based on an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice. *See Doe v. N.Y. City Dep't of Social Servs*., 709 F.2d 782, 789 (2d Cir. 1983).  Local Rule 7.1 (g) implements this power.

As to plaintiff's argument that reconsideration of the prior decision to dismiss its claims for tortious interference with contract and *prima facie* tort is warranted based on the Court's misapprehension of federal pleading requirements, plaintiff is mistaken.  It is true as plaintiff asserts that the Fed. R. Civ. P. govern the degree of particularity with which its allegations of fraud, bad faith, malice, etc. must be made in a federal complaint.  *See Stern v. General Elec. Co.* 924 F.2d 472, 476 n. 6 (2d Cir. 1991) (citing *Hanna v. Plumer*, 380 U.S. 460, 473-74 (1965) (suggesting that the Federal Rules of Civil Procedure are procedural rules to which federal courts sitting in diversity must adhere)).  However, federal pleading rules, which may lessen the **degree of specificity** required insofar as factual allegations are concerned, do not by any means eliminate the requirement of specificity altogether.

4

To wit, in order to maintain a successful cause of action for tortious interference with contract under New York law, a plaintiff must allege and prove: (1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages. *Mina Inv. Holdings LTD v. Lefkowitz,* 184 F.R.D. 245, 252 (S.D.N.Y. 1999). Importantly, however, a plaintiff must also allege that "but for" the activities of the defendant, there would have been no breach of the contract. *Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 828 (2d Cir. 1990) (citing *Special Event Entertainment v. Rockefeller Center, Inc.*, 458 F.Supp. 72, 78 (S.D.N.Y. 1978) and *Merrill Lynch Futures, Inc. v. Miller*, 686 F.Supp. 1033, 1040 (S.D.N.Y. 1988)). While a pleading need not detail the exact circumstances which show that a contract would have been completed, there must be at least an allegation that there would not have been a breach but for the intentional activities of defendants. *Special Event Entertainment*, 458 F. Supp. at 78. Specifically in this regard, a "plaintiff must plead and prove that 'but for the unlawful actions of defendant, the contract would have been performed.' " *Merrill Lynch Futures, Inc.*, 686 F.Supp. at 1040. And though Rule 8 of the Fed. R. Civ. P. requires only a "short and plain" statement of a claim showing the pleader is entitled to relief, the allegations must give a defendant "fair notice of the plaintiff's claims" and "the grounds upon which they rest." *Pelman v. McDonald's Corp*, 396 F.3d 508, 511 (2d Cir. 2005).

An example of the "simplified notice pleading" contemplated in *Pelman* appears in *Czech Beer Importers, Inc. v. C. Haven Imports,* LLC, 2005 WL 1490097, *7 (S.D.N.Y. June 23, 2005), where the court found the plaintiff had pled the required elements for tortious interference with contract under New York law so as to survive defendant's motion to dismiss. Specifically,

5

the plaintiff alleged that a valid contract existed between it and a third-party, BBNP; that the defendant knew of the contract and an extension option that it contained; that the defendant improperly and intentionally caused BBNP to breach the contract by refusing to accept the plaintiff's extension request; and that the breach resulted in damage to the plaintiff.  *See id* (citing *Mina Inv. Holdings*, 184 F.R.D. at 252.)  Clearly, the court did not require the plaintiff in *Czech Beer Importers* to provide much in the way of detail concerning the actions of the defendant. But by simply including reference to the defendant's knowledge of an extension option and its refusal to accept plaintiff's extension request, plaintiff satisfied minimal pleading requirements and put the defendant on notice of the grounds upon which it could be found liable for an intentional tort.          By no measure can plaintiff be said to have met this standard in its original complaint wherein plaintiff characterized wholly unspecified and unclassified "interfer[ence]" by defendants as "intentional," "tortious," "undertaken "with malice" and in "bad faith toward ECOR."  Such assertions, absent factual support, are insufficient to establish a claim for interference with prospective economic advantage. *See, e.g., De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (internal citations omitted) ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).").  Unlike the plaintiff in *Czech Beer Importers, Inc.,* which satisfied the "but for" element by alleging that the defendant caused BBNP "**by** refusing to accept the plaintiff's extension request" **when** it "knew of the [plaintiff's] contract [with BBNP] and an extension option that it contained," 2005 WL 1490097, *7 (emphasis added), plaintiff here failed not only to "fill in the blanks" after the words "by" and "when," but did not even include those or similar clarifying words in the complaint.

6

The same analysis applies to plaintiff's original cause of action for *prima facie* tort claim which suffered from the identical pleading defect as the intentional interference with contract claim. Plaintiff was required to provide defendants with some notice, however simplified and minimal under federal pleading rules, of the acts it claims constituted intentional conduct, malice and/or ill will required under New York law. *Fort Wayne Telstat v. Entertainment and Sports Programming Network*, 753 F.Supp. 109, 111 (S.D.N.Y. 1990) ("[A] complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.") (citations omitted); *G-I Holdings, Inc. v. Baron & Budd*, 179 F.Supp.2d 233, 264 (S.D.N.Y. 2001) ("It is inconsistent with the standards for resolving a motion to dismiss to have this Court draw inferences from facts not pleaded in the Complaint.") Though pleading rules may differ as between New York and federal law, plaintiff was nevertheless required to come forward with something more than wholly conclusory legal assertions concerning the evidence of defendants' alleged intentional conduct, ill will or malice and the manner in which it allegedly caused DEC's breach of contract and plaintiff's special damages in this case. Based thereupon, plaintiff's motion for reconsideration of the Court's dismissal of the claims for intentional contractual interference and *prima facie* tort must be denied.

**B.     Leave to File Amended Complaint**

In the alternative, plaintiff seeks leave to file an amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to cure the deficiencies in the original complaint. Leave to amend under Rule 15(a)--which provides that, after a responsive pleading has been filed, the parties may amend their pleadings only by consent of their adversaries or by leave of

the court--"shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In the absence of prejudice or another justifying factor, a proposed amended pleading should be allowed unless it plainly lacks merit.  *See id.*

The Court notes that the proposed amended complaint appears to cure the defects of the prior pleading insofar as providing defendants with notice of a factual predicate upon which plaintiff relies in support of the intentional tort claims.  Defendants have asserted no prejudice which will occur in the event of an amendment.  Further, the Court's Rule 16 scheduling order in this case provided the parties until September 1, 2005 to file amended pleadings and the present motion was filed prior to that date.  The sole basis on which the Court could reject plaintiff's motion to amend is if the proposed pleading lacked merit on its face which it does not based on review of plaintiff's updated and amplified allegations.

Despite defendants' arguments to the contrary, this Court's prior dismissal of the two state law intentional tort claims was not "on the merits" since the Court did not look beyond the complaint in assessing their legal viability.  The Court's dismissal was based solely on plaintiff having failed to adequately **state** these claims, not on the failure to **prove** them.

Second, defendants are mistaken when they argue that a claim for tortious interference with contract and one for *prima facie* tort cannot appear in the same complaint when they are premised upon the same facts. In support of this contention, defendants cite *D'Andrea v. Rafla-Demetrious*, 3 F.Supp.2d 239, 252 (E.D.N.Y. 1996) wherein the court on summary judgment dismissed a claim for *prima facie* tort as redundant of the traditional claim for tortious interference with prospective economic advantage.  The court premised its holding on the ground that "*prima facie* tort provides a remedy for intentional and malicious actions that cause harm

8

and for which no traditional tort provides a remedy." *Id.* (citation and internal quotation marks omitted). However, other district courts have recognized that since *Board of Educ. v. Farmingdale Classroom Teachers Ass'n, Inc.*, 38 N.Y.2d 397 (1975),[1] it has been permissible under New York law to plead traditional tort and *prima facie* tort in the alternative, even where, as here, the claims rest upon a single set of allegations. *See e.g., Nat'l Nutritional Foods Ass'n v. Whelan*, 492 F.Supp. 374, 383 (S.D.N.Y. 1980). To prevent double recoveries, "once a traditional tort has been established[,] the allegation with respect to prima facie tort [is] rendered academic" and cannot be grounds for recovery. *Id.* (citing *Farmingdale,* 38 N.Y.2d at 406). At the pleading stage, however, the plaintiff is entitled to have both theories of recovery proceed in tandem. *Western Meat Co., Inc. v. IBP, Inc.*, 683 F.Supp. 415, 417 (S.D.N.Y. 1988).[2]

Defendants' third argument is that the proposed amended complaint lacks merit since it does not state a viable intentional tort against defendant David Hiss in his individual capacity. Plaintiff correctly notes that each of the cases relied on by defendants in connection with this argument dealt with company officers who were sued individually for causing their own company to breach a contract. In the present case, defendant Hiss' company, co-defendant

---

[1] In *Farmingdale*, the New York Court of Appeals recognized that "there may be instances where the traditional tort cause of action will fail and plaintiff should be permitted to assert [the] alternative claim." 38 N.Y.2d at 406.

[2] The Court notes that *D'Andrea,* relied on by defendants, involved a motion for summary judgment, and the "narrowing down of claims in that manner is more appropriate at the summary judgment stage, after parties have had the opportunity for necessary discovery." *G-I Holdings, Inc. v. Baron & Budd*, 238 F.Supp.2d 521, 536 n. 3 (S.D.N.Y. 2002).

9

Malcolm Pirnie, Inc., was not a party to the contract with which Hiss allegedly interfered. *See AIM Internat'l Trading, L.L.C. v. Valcucine*, 2003 WL 21203503, *6 (S.D.N.Y. June 22, 2003). As such, the cases relied on by defendants are inapposite to plaintiff's motion.

### IV.    CONCLUSION

Based on the foregoing, it is hereby

ORDERED that plaintiff's motion for reconsideration of the Court's prior dismissal of two causes of action is DENIED; and it is further

ORDERED that plaintiff's motion for leave to file an amended complaint is GRANTED; it is further

ORDERED that plaintiffs shall file the amended complaint on or before April 14, 2006.

IT IS SO ORDERED.

Dated: March 24, 2006
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge