UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**ECOR SOLUTIONS, INC. formerly known as
ERM C&O Services, Inc.,**

                                   **Plaintiff,**

              -v-                                                        02-CV-1103 (NAM/DRH)

**MALCOLM PIRNIE, INC.,**

                                   **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

ERNSTROM & DRESTE, LLP
JOHN W. DRESTE, Esq., of counsel
180 Canal View Boulevard, Suite 600
Rochester, New York 14623
Attorney for Plaintiff

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP
MARK SEIDEN, Esq., of counsel
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
Attorney for Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    Plaintiff ECOR Solutions Inc. ("ECOR"), moves (Dkt. No. 84) to compel arbitration pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, in this action arising out of performance of a construction contract. The amended complaint (Dkt. No. 53) sets forth claims of negligent misrepresentation, malpractice, and tortious interference against defendant, Malcolm Pirnie, Inc. ("MPI"). United States Magistrate Judge David R. Homer issued a Report and

Recommendation (Dkt. No. 89) recommending that the motion be granted.  As set forth below, the Court agrees with Magistrate Judge Homer and grants ECOR's motion to compel arbitration.

## BACKGROUND

After years of discovery and motion practice, this case was scheduled for trial on October 6, 2008.  On September 3, 2008 the parties entered into a confidential settlement agreement ("Confidential Agreement"), redacted portions of which have been submitted to the Court on this motion (Dkt. No. 84-4).  On September 19, 2008, the parties entered into a "Stipulation and Agreement for Reference to Binding Arbitration" ("Arbitration Agreement"), which was "So Ordered" by the Court on September 24, 2008 (Dkt. No. 80).

The case did not proceed to arbitration, however, and on December 16, 2008, ECOR filed the instant motion to compel arbitration (Dkt. No. 84).  The motion was referred to Magistrate Judge Homer, *see* 28 U.S.C. § 636(b)(1)(B), who issued a Report and Recommendation (Dkt. No. 89) recommending that the motion be granted.

MPI objects to the Report and Recommendation (Dkt. No. 90).  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.  In view of the nature of MPI's objection, the Court conducts a *de novo* review of the entire Report and Recommendation.  The Court has reviewed the record, in particular the Confidential Agreement, the subsequently-executed Arbitration Agreement, and the parties' submissions on the motion.  The Court agrees with Magistrate Judge Homer's discussion and his conclusion that the issues now raised by MPI are within the scope of the arbitrators' powers and that ECOR's motion to compel arbitration should thus be granted.

## DISCUSSION

In the Report and Recommendation, Magistrate Judge Homer sets forth the background of the motion and a summary of the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*. The Court does not repeat them here. As Magistrate Judge Homer states, "the question presented is whether the Arbitration Agreement and Order encompass within their scope the issues now raised by MPI," that is, issues of interpretation of the Confidential Agreement. Magistrate Judge Homer answers this question in the affirmative, noting that, under the Federal Arbitration Act, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," including where "the problem at hand is the construction of the contract language itself." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). He concludes that "the clear language of these agreements authorizes the arbitrators to resolve all disputes surrounding [the sole remaining count in the amended complaint] ... except damages."

In its objection to the Report and Recommendation, MPI primarily contends that the Confidential Agreement limits the authority of the arbitrators to answering special interrogatories, and that Magistrate Judge Homer erred in finding that the arbitrators have the authority to resolve any other issues. More specifically, MPI argues as follows: that the parties presently disagree on whether the Confidential Agreement restricts the arbitrators to answering special interrogatories; that this disagreement presents a question of interpretation of the scope of the agreement to arbitrate; that the arbitrators lack the authority to resolve this question; and that therefore the arbitration cannot go forward. MPI argues that "simply because the parties wanted to have their **underlying dispute** resolved by the [arbitration] Panel does not mean that they also authorized the Panel to decide **all issues arising out of the [Confidential] Agreement, including interpretation of the [Confidential] Agreement** itself" (emphasis in original).

-3-

Only limited sections of the redacted Confidential Agreement have been placed before the Court.  It is apparent from these sections that the parties agree to arbitrate issues bearing on MPI's liability for certain losses sustained by ECOR in the construction project, but not the amount of the losses.  For example, the parties agree that they "shall submit for resolution the issues of negligent misrepresentation and associated proximate causation (including but not necessarily limited to whether MPI breached the professional standard of care and whether the breach was a legal cause of ECOR's damage)[.]" (Paragraph 2(1)(c).)   The parties also state they "shall endeavor to agree to stipulated facts and shall otherwise work cooperatively toward reducing the issues of fact for resolution by the Panel." (Paragraph 2(1)(e).)  And they agree to submit to the arbitration panel agreed-upon special interrogatories (Paragraph 2(1)(f)).  It further appears that the parties do not intend that the arbitrators would decide the amount of damages.[1]

Reading the special interrogatories provision of the Confidential Agreement in context with the other unredacted provisions of that document, and in tandem with the Arbitration Agreement, the Court finds that any issues involving the special interrogatories fall within the scope of arbitration as contemplated by the parties' agreements.  Nor does MPI raise any other issue that cannot properly be resolved by the arbitrators.  As noted by Magistrate Judge Homer, the Arbitration Agreement, subsequently signed by the parties, is broadly worded.  It states that

---

[1] It appears that, in redacted portions of the Confidential Agreement, the parties agreed on the amount of damages to be paid in the event that ECOR prevailed on liability issues.  The unredacted paragraph 2(1)(n) of the Confidential Agreement states:

> The payment terms of this agreement shall not be disclosed to the Panel [of arbitrators].  If the Panel inquires about damages, the Panel shall not be advised at all with respect to the potential recovery established by this agreement and it shall be informed that the damages, if any, will be decided subsequently and are not to be considered by the Panel.

"the parties desire that all remaining issues in this existing controversy, which arise out of contract or other transactions associated with the facts and events set forth within such Action ... shall be settled by arbitration[.]"  It further states that the parties "hereby irrevocably agree that the remainder of the existing controversy arising out of the contract, facts, and other underlying circumstances as set forth in the Action shall be submitted to binding arbitration."  The Arbitration Agreement also states that the parties "agree that the scope and extent of the arbitration, and related issues, shall be as separately agreed-upon by the parties in the confidential agreement[.]"  The Arbitration Agreement and the pre-existing Confidential Agreement to which it refers are properly construed to permit the arbitrators to address the issues now raised by MPI.

Accordingly, the Court adopts Magistrate Judge Homer's Report and Recommendation, except for the reference in the penultimate paragraph to "bad faith," as to which the Court expresses no view.

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge David R. Homer (Dkt. No. 89) is adopted in its entirety, except for the reference in the penultimate paragraph to "bad faith," as to which the Court expresses no view; and it is further

ORDERED that plaintiff's motion (Dkt. No. 84) to compel arbitration is granted; and it is further

ORDERED that the case is stayed pending the outcome of the arbitration.

IT IS SO ORDERED.

Date:   August 5, 2009
        Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge